# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2015

Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 101-111)

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| Crabtree, Daniel D. | U.S. District Court, District of Kansas | 09/26/2016 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| U.S. District Judge - Active Status | ☐ Nomination   Date <br> ☐ Initial   ☑ Annual   ☐ Final <br> 5b. ☑ Amended Report | 01/01/2015 <br> to <br> 12/31/2015 |

**7. Chambers or Office Address**

Daniel D. Crabtree
United States District Court, District of Kansas
444 Southeast Quincy, Room 405
Topeka, Kansas 66683

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*
*checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☑ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 1/1/2014 | former party to Partnership Agreement of Stinson Leonard Street LLP law firm (agreement governing rights to return of capital contributed during partnership) |
| 2. | |
| 3. | |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
| --- | --- | --- |
| 1. 11/30/2015 | Make Whole Profit Sharing Distribution made under partnership agreement of my former law firm (explained in Part VIII) | $2,694.37 |
| 2. 07/10/2015 | Kansas City Royals Baseball Club (explained in Part VIII) | $3,018.00 |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
| --- | --- |
| 1. 2015 | Salary, employment by Unified Government of Wyandotte County/Kansas City, Kansas |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
| --- | --- | --- | --- | --- | --- |
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Crabtree, Daniel D. | 09/26/2016 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Crabtree, Daniel D. | 09/26/2016 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Williams Partners (f/k/a Access Midstream Partners LP) | B | Distribution | J | T | | | | | |
| 2. AG Mortgage Investment Trust (REIT) | A | Dividend | J | T | | | | | |
| 3. Breitburn Energy Partners LP | A | Distribution | | | Sold | 08/05/15 | J | A | |
| 4. Citigroup Inc. Com New | A | Dividend | J | T | | | | | |
| 5. Columbia Acorn Fund (y) | | | | | | | | | |
| 6. Eaton Vance Large-Cap Value Fund | A | Distribution | K | T | | | | | |
| 7. Eaton Vance Tax-Managed Growth Fund | A | Distribution | J | T | | | | | |
| 8. Energy Transfer Partners LP | C | Distribution | K | T | | | | | |
| 9. Fidelity Advisor New Insights Fund | B | Distribution | M | T | Buy (add'l) | 02/13/15 | L | | |
| 10. Fidelity Advisor New Insights Fund | | None | | | Buy (add'l) | 07/16/15 | L | | |
| 11. General Electric Co. | A | Dividend | K | T | | | | | |
| 12. Great Plains Energy, Inc. | A | Dividend | J | T | | | | | |
| 13. Growth Fund of America | A | Distribution | K | T | | | | | |
| 14. Intel Corp | A | Dividend | K | T | | | | | |
| 15. Invesco American Franchise Fund | | None | K | T | | | | | |
| 16. Invesco Charter Fund | A | Distribution | L | T | Sold (part) | 08/05/15 | K | E | |
| 17. Invesco Gloabl Small & Mid Cap Growth Fund | | None | K | T | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Crabtree, Daniel D. | 09/26/2016 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | B. (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | C. (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | D. (2) Date mm/dd/yy | D. (3) Value Code 2 (J-P) | D. (4) Gain Code 1 (A-H) | D. (5) Identity of buyer/seller (if private transaction) |
|---|---|---|---|---|---|---|---|---|---|
| 18. Ivy Asset Strategy Fund | | None | K | T | | | | | |
| 19. Learning Quest Aggressive Track: Moderate Portfolio (529) | | None | M | T | | | | | |
| 20. Linn Energy LLC Unit Registry Ltd. Interests | A | Distribution | | | Sold | 08/05/15 | J | A | |
| 21. Penn West Petroleum Ltd | | None | J | T | | | | | |
| 22. Targa Resources Partners LP Units | C | Distribution | K | T | | | | | |
| 23. Country Club Bank (cash accounts) | A | Interest | N | T | | | | | |
| 24. United Missouri Bank, n.a. (Health Savings Account) | A | Interest | J | T | | | | | |
| 25. US Bank (cash account) | | None | J | T | | | | | |
| 26. Stinson Leonard Street LLP (capital account at former law firm) | B | Interest | K | U | | | | | |
| 27. Federated Capital Reserves | A | Interest | M | T | | | | | |
| 28. AT&T Inc. Com | B | Dividend | K | T | Buy | 07/15/15 | K | | |
| 29. Alibaba Group SHS ADR | | None | K | T | | | | | |
| 30. Allianz SE Spon ADR Repstg | | None | K | T | | | | | |
| 31. Apple Inc Com | A | Dividend | K | T | Buy | 07/15/15 | K | | |
| 32. Astrazeneca PLC Sponsored ADR | A | Dividend | K | T | | | | | |
| 33. KKR & Co LP Del Com Units | B | Distribution | K | T | | | | | |
| 34. Kinder Morgan Inc Del Com | B | Dividend | J | T | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
|---|---|
| Crabtree, Daniel D. | 09/26/2016 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 35. Prospect Cap Corp Com | B | Dividend | J | T | | | | | |
| 36. Walgreen Boots Alliance Inc. Com | A | Dividend | K | T | | | | | |
| 37. Yahoo Inc Com | | None | K | T | | | | | |
| 38. Oppenheimer Senior Floating Rate Fund | D | Dividend | M | T | | | | | |
| 39. Oppenheirmer Steelpath MLP Alpha | D | Dividend | L | T | | | | | |
| 40. Atlas Resource Partners LP Com | B | Distribution | | | Sold | 08/05/15 | J | A | |
| 41. Talmer Bank & Turst (FDIC insured deposit) | A | Interest | L | T | | | | | |
| 42. Country Club Financial Services (FDIC insured deposit) | A | Interest | N | T | | | | | |
| 43. Transamerica Life Insurance Company (Flexible Premium Universal Life) | A | Interest | J | T | Buy | 08/27/14 | J | | |
| 44. Fidelity Advisor Large Cap Stock Fund | A | Distribution | L | T | Buy | 02/13/15 | L | | |
| 45. Fidelity Advisor Large Cap Stock Fund | | None | | | Buy (add'l) | 07/16/15 | K | | |
| 46. Fidelity Advisor (Focus) Health Care Fund | | None | L | T | Buy | 02/13/15 | K | | |
| 47. Fidelity Advisor (Focus) Health Care Fund | | None | | | Buy (add'l) | 07/16/15 | K | | |
| 48. Fidelity Advisor Consumer Staples Fund | A | Distribution | K | T | Buy | 07/16/15 | K | | |
| 49. Fidelity Advisor Energy Fund | | None | K | T | Buy | 02/13/15 | K | | |
| 50. Fidelity Advisor International Capital Appreciation Fund | | None | K | T | Buy | 07/16/15 | K | | |
| 51. Fidelity Advisor International Growth Fund | | None | K | T | Buy | 07/17/15 | K | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| Name of Person Reporting | Date of Report |
| --- | --- |
| Crabtree, Daniel D. | 09/26/2016 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52. Fidelity Advisor Mid Cap Value Fund | | None | L | T | Buy | 02/13/15 | K | | |
| 53. Fidelity Advisor Mid Cap Value Fund | | None | | | Buy (add'l) | 07/16/15 | K | | |
| 54. Vanguard Natural Resoucrs Fund | D | Distribution | J | T | | | | | |

| 1. Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| --- | --- | --- | --- | --- | --- |
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Part II, line 1 lists the Partnership Agreement of Stinson Leonard Street LLP. This is an agreement I entered with my former law firm while I was a partner with that firm. I resigned from my former law firm when I accepted the appointment to my current position. While my status as a partner in that firm ceased on May 12, 2014, the referenced agreement continues to govern my rights to return of capital that I contributed during the term of my partnership. Because I received a payment returning a portion of the referenced capital during 2015, I conclude from the Filing Instructions that I must disclose this agreement even though I do not believe I was a party to it during calendar year 2015.

Part IIIA, line 1 identifies a payment received during 2015 to compensate me for rights deferred at the time of the combination of my former law firm (Stinson, Mag & Fizzell) with another law firm (Morrison & Hecker) in 2002. When that combination created Stinson Morrison Hecker LLP, the profit sharing plan of Stinson, Mag & Fizzell ended on April 30, 2002. To compensate me for losing the opportunity to defer income into the retirement plan for the period May 1, 2002, to December 31, 2002, I received a payment that the governning agreements refer to as a "Make Whole Profit Sharing" distribution. Consistent with the partnership agreement of Stinson Morrison Hecker LLP and the Partnership Agreement of Stinson Leonard Street, this special cash distrubtion was not considered income at the time. Instead, it was recognized as a contingent reduction of my capital account with the law frim. When I disassociated from my law firm in 2014, this contingency was restored to my capital account and thus became taxable income. That amount was included on Stinson Leonard Street LLP's K-1 for 2015 and I reported it as part of my taxable income for 2015.

Part IIIA, line 2 discloses the value of an American League Championship ring provided by the Kansas City Royals Baseball Club. Before my appointment to my current position, I served as the Royals' General Counsel. The club provided this memento to its employees generally and included me in this recognition. I received a 1099 from the club and paid income taxes on this memento in 2015, and I thus believe its value is properly classified as deferred income resulting from services I provided to the Royals between 2001 and 2014.

Part VII, line 1 discloses holdings in Williams Partners, L.P. This holding was not listed in my earlier filings. Instead, my previous report showed holdings in Access Midstream Partners, L.P. (Access). In a merger effective on February 6, 2015, interets in Access were exchanged for interests in Williams Partners, L.P. This exchange did not produce a capital gain for tax purposes for the holders of Access interests, so no transaction is reported in Column D on this line. The earnings reported in Column B on this line represent distributions paid by Williams Partners, L.P. after the exchange occurred.

Part VII, line 5 lists Columbia Acorn Fund, a holdng I disclosed on my 2014 report. In my financial records for 2015, I find no reference showing a holding in this fund. Also, I find no information suggesting that I sold or otherwise liquidated such a fund during calendar year 2015. After reviewing these records and consulting with my family's finanical services advisor, I conclude that I likely erred when I listed this fund on my 2014 report.

Part VII, line 6 shows earnings derived from a holding identified as Eaton Vance Large Cap Fund. These earnings consisted of both dividends and capital gain distributions. Becuase the majority of the earnings was paid in the form of capital gain distriubtions, Column B(2) designates the income as a Distribution.

Part VII, lines 9 and 10 disclose my ownership of Fidelity Advisor New Insights Fund twice because I made two separate purchases of this holding during calendar year 2015. To avoid double counting, the second listing on on Line 10 does not disclose an income amount in Column B(2) or a gross value in Column C(1). The total amount of my distribution and holdings in this fund already are disclosed in these columns on Line 9.

The earnings for the holding shown on Line 13 of Part VII (Growth Fund of America) consisted of both dividends and capital gain distributions. Because the majojrity of the earnings was paid in the form of a capital gain distribution, Column B(2) designates this income as a Distribution.

The earnings on the holding identified on Line 16 of Part VII (Invesco Charter Fund) consisted of both dividends and capital gain distributions. Becuase the majojrity of the earnings was paid in the form of a capital gain distriubtion, Column B(2) designates this income as a Distribution.

Lines 44 and 45 of Part VII list my ownership of Fidelity Advisor Large Cap Stock Fund twice because I made two purchases of this holding during calendar year 2015. To avoid double counting, the second listing on this fund on Line 45 does not disclose a gross value in Column C(1) or show an amount of Income in Column B(1) because the total amount of my holding in and income dervied from this fund is already disclosed in these columns on Line 44.

Lines 52 and 53 of Part VII list my ownership of Fidelity Advisor Mid-Cap Value Fund twice because I made two purchases of this holding during calendar year 2015. To avoid double counting, the second listing on this fund on Line 53 does not disclose a gross value in Column C(1) because the total value of my holding of this fund is already disclosed on Line 52.

This Amended Report corrects four Gross Value classifications, as shown in Column C(1) of Part VII of my original Annual Report and amended here, in this Amended Annual Report. They are: (a) for line 2 of Part VII, I have changed the Gross value at end of reporting period from M to J; (b) for line 15 of Part VII, I have changed the Gross value at end of reporting period from J to K; (c) for line 27 of Part VII, I have changed the Gross value at end of reporting period from K to M; and (d) for line 54 of Part VII, I have changed the Gross value at end of reporting period from M to J. These amendments correct miscalculations I made when I prepared the original version of my Annual Report. This Amended Annual Report makes no other changes to my original Annual Report. .

*** This Second Amended Report provides additional information about the purchase date and purchase price of the universal life insurance policy described on Line 43 in Part VII. It also amends the gross value of the investment aspect of that policy (Column C(1)) and the valuation method (Column C (2)) used to identify that value range. Also, I have provided the date when I originally purhcased this policy. Though purchased during calendar year 2014, I did not report it in my 2014 report because the policy did not accrue any investment value until the first anniversary of its purhcase in August 2015.

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Daniel D. Crabtree**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544